## Jos. Noland and Honoré Morancy *v.* J. B. Bemiss and wife.

A judgment by default having been duly confirmed, and the judgment signed after the lapse of three judicial days, the defendant took a rule on the plaintiff to set aside the judgment, on the ground that an answer had been filed after the submission of the cause and before its decision, which rule was made absolute and a new trial granted. *Held:* That the plaintiff not having appealed from the judgment on the rule, it could not be revised on the appeal taken by the plaintiff from a subsequent judgment in favor of defendant.

One who was not a creditor of the husband at the time of the wife's obtaining a judgment against him, of separation of property, cannot successfully attack such judgment, without proof of fraud on the part of the wife.

APPEAL from the District Court of the Parish of Jefferson, *Burthe*, J. *A. Steele*, for plaintiffs and appellants. *C. Roselius*, for defendants.

Cole, J. The origin of this litigation is three promissory notes, amounting to $2,500, executed by *J. B. Bemiss* the 30th January, 1846, payable in 1, 2 and 3 years, with eight per cent. interest from date until paid.

NOLAND
*v.*
BEMISS.

They were executed to *H. P. Morancy*, tutor of a minor, *Victoria Morancy*.

A mortgage was made on the same day by *J. B. Bemiss*, to secure the payment of the notes given.

This mortgage was on his supposed one-fourth interest in the lands known as the Friend Lands, and also on certain negroes.

*Joseph Noland* intermarried with *Victoria Morancy*, and *H. P. Morancy*, the tutor, transferred these notes to *Noland* as part of the separate property of his wife.

But a small part of the notes having been paid, *Noland* instituted an ordinary action, without claiming the mortgage, and recovered judgment for $2,350 on the 5th of May, 1852, with interest, &c. No mortgage or privilege having been asked for, none was allowed.

This judgment not being paid, *Joseph Noland*, on the 28th of June, 1854, for use of *H. P. Morancy*, who claims to have paid *Noland* and to have a transfer of the judgment, institutes suit on this judgment, in the parish of Jefferson, against *J. B. Bemiss* and *Mrs. Elizabeth M. Bemiss*, for the purpose of subjecting certain property in the parish of Jefferson, held by *Mrs. Bemiss* as her separate and paraphernal property, to the payment of this judgment debt, alleging fraud and collusion between *Bemiss* and wife in a certain judgment which she obtained for her separate property ; and now, for the first time, the mortgage executed on the third of January, 1846, is set up and claimed to be enforced upon certain property in the parish of Jefferson, in which property the proceeds of the Friend Lands, it is alleged, are invested.

The first question that arises is, whether plaintiff can have the benefit of the first judgment which was rendered in this case, and which was in his favor. The judgment on the second trial was in favor of defendants.

It appears that a judgment by default was taken, and the default confirmed, and the judgment was signed on the 3d February, 1855, after the lapse of more than three judicial days from the date of its rendition.

On the 26th of February, 1855, a rule was taken to set aside the judgment, on the ground that an answer had been filed, after the submission of the cause, and before its decision.

Upon trial of the rule, the judgment was set aside, and a new trial was granted.

It is unnecessary to express any opinion upon the judgment upon the rule; for if plaintiff were dissatisfied therewith, he was bound to have appealed from the same.

After the decision upon the rule, the whole case was ended; it was in reality almost the same as if the suit had been dismissed, and no appeal had been taken from the judgment of dismissal.

A new trial having been accorded after the decision upon the rule, the only questions before us are those which arose upon the new trial.

The decision upon the rule produced the same effect as if the case had never been tried, so far as relates to our jurisdiction of the matters at issue on the first trial, and it was the duty of plaintiff, if he wished to be relieved, to have appealed from the judgment upon the rule, which set aside entirely all that had been done upon the first trial.

Upon the merits, plaintiff cannot succeed, because :

1st. He was not a creditor of *J. B. Bemiss* for the notes now sued upon at the time of the separation of property between *J. B. Bemiss* and his wife.

It appears that *Mr. Gibbon* had purchased, in 1839, certain property for *Mr. Bemiss*, from a desire to benefit *Mrs. Bemiss*.

Afterwards, by a compromise between *H. P. Morancy*, the tutor of *Victoria Morancy*, (to the succession of whose father the property bought by *Gibbon* had belonged), acting by the advice of a family meeting, and *John B. Bemiss* and *Henry Gibbon*, the property was surrendered to *Morancy;* the unpaid notes of *Gibbon* were cancelled, and he gave to *Morancy* his notes for $2,500, which he paid, and *Bemiss* gave his notes now sued on for $2,500.

This compromise took place in January, 1846.

From this statement it appears, that up to this time, *Gibbon* owed to *Mr. Morancy*, and not *J. B. Bemiss;* but, upon the supposition, that *Bemiss* was responsible to *Gibbon*, and really owed for the price of property, bought by *Gibbon* at his request and for the benefit of his family, still the compromise entirely novated the original debt of *Gibbon* or *J. B. Bemiss*.

The old notes were cancelled, and *Gibbon* and *Bemiss* gave notes, each for $2,500. The notes of *Bemiss* were given to extricate *Mr. Gibbon* from the purchase of the property and from any liability he might be equitably or legally under.

The notes were, therefore, given on account of a new contract entered into long after the 3d of May, 1845, the day upon which the judgment of separation was rendered.

Besides, even if it should be said there was no novation, and that the debt for which these notes were given existed before the judgment of separation, still the debt was due to *Morancy*, as tutor, and not to him personally.

The judgment upon the notes of *Bemiss* was transferred to *Morancy* individually, many years after the separation of property, so that *Morancy* became the creditor of *J. B. Bemiss* many years after the judgment of separation of property.

As then, *Morancy* was not a creditor of *J. B. Bemiss* at the epoch of the judgment of separation of property; and further, as the judgment does not appear to have been obtained by collusion in order to defraud *Morancy* of recourse upon the property of *J. B. Bemiss, Morancy* cannot, therefore, now contest the judgment of separation. *Morris* v. *Williams*, 6 An. 391.

2d. At the time that *J. B. Bemiss* gave a mortgage on the Friend Lands, the title was actually in *Mrs. Bemiss*.

In the absence of any proof of fraud on her part, this action of her husband cannot affect the property with any mortgage.

Judgment affirmed, with costs.